USAO: 2020R01469  AUSA: Corinne M. Lambert  Telephone: (313) 226-9129
AO 91 (Rev. 11/11) Criminal Complaint  Special Agent: Sandra Reynolds  Telephone: (313) 590-4374

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Ronnie Lynn

Case No.

Case: 2:24−mj−30438
Assigned To : Unassigned
Assign. Date : 10/11/2024
SEALED MATTER (LH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 2012-May 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 641 | Theft of Government Funds |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Sandra Reynolds, Special Agent
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: October 11, 2024

_Judge's signature_

City and state: Detroit, MI

Hon. David R. Grand, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, SANDRA REYNOLDS, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1) I am a Special Agent with the Social Security Administration, Office of the Inspector General, Office of Investigations (SSA/OIG/OI) and have been so employed since March of 2020. During my employment, I have conducted investigations of fraud, waste, and abuse of benefit programs administered by the SSA. I hold a Bachelor of Science in Criminology from Florida State University, and a Master of Business Administration from Lynn University. I am a graduate of the 15-week United States Army Criminal Investigation Division (CID) Special Agent Course in Fort Leonard Wood, Missouri. My current job duties include conducting investigations of violations of Social Security laws and related statutes, including, but not limited to, Title 18 U.S.C. § 641 (Theft of Government Funds). I am authorized to carry a firearm, make arrests, and execute warrants.

2) I have been assigned to an investigation concerning the alleged theft of SSA funds by RONNIE LYNN (hereinafter LYNN), in violation of various federal statutes, including 18 U.S.C. § 641 (Theft of Government Funds). I

have prepared this affidavit in support of a criminal complaint and arrest warrant for LYNN.

3) The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is presented for the limited purpose of showing that there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge about this matter.

4) Based on my investigation thus far, there is probable cause to believe that LYNN violated 18 U.S.C. § 641 by willfully and knowingly retaining and converting to his own use monies of the Social Security Administration, which had been erroneously paid in the name of his mother, after his mother's death.

## PROBABLE CAUSE

5) In or about December 2020, the SSA/OIG/OI received a fraud allegation from an SSA Field Office regarding SSA beneficiary W.M.V. The allegation indicated that W.M.V. died on May 31, 2012, but benefits continued to be paid into her checking account at Citizens Bank. The allegation also indicated that another person was a withdrawer on the

account: RONNIE LYNN, who is W.M.V.'s son and receives Social Security benefits on his own record.

6) According to a Michigan death certificate, W.M.V.'s date of death is May 31, 2012.

7) SSA records reflect that W.M.V. was receiving Survivor's Insurance Benefits (SIB) on her deceased husband's record under Title II of the Social Security Act beginning in 1999. The SSA continued to pay these benefits through May 1, 2020, because it was not aware of W.M.V.'s death.

8) The death certificate listed W.M.V.'s son, LYNN, as the informant; it also listed the same address in Detroit, Michigan, for both W.M.V. and LYNN.

9) In the course of the investigation, I obtained records from Citizens Bank pertaining to W.M.V.'s account. The records indicate that W.M.V. and LYNN were co-account holders. Bank statements dated December 7, 2012, through February 4, 2021, reflect an address of 21xxx Margareta St, Detroit, MI, 48219-2425. This is LYNN's address of record for his SSA benefits and with the Michigan Secretary of State, as well as the address listed on W.M.V.'s death certificate. All the statements showed W.M.V.'s name still on the account; LYNN did not remove W.M.V. from the account after her death.

10) The Citizens Bank statements also show that W.M.V.'s monthly SSA benefits were the only deposits made to the account from December 2012 through May 2020, other than a one-time $1,200 COVID-related Economic Impact Payment, also paid in the name of W.M.V. The line-item description of the monthly SSA benefit deposit listed on the bank statements, "SSA Treas 310 xxsoc Sec modayr xxxxxx1688d SSA", reflects the nature and origin of the deposit. Additionally, the reference to "1688d" in the deposit description reflects the last four digits of W.M.V.'s deceased husband's social security number (SSN), as W.M.V. was receiving Survivor's Insurance Benefits (SIB) on her deceased husband's record. W.M.V.'s benefits were deposited on the 3rd of each month, unless the 3rd fell on a weekend or a holiday.

11) LYNN has been receiving Retirement Insurance Benefits (RIB) on his own record under Title II of the Social Security Act since 2017. Lynn's benefits are deposited electronically into a separate account at Huntington National Bank. The line-item description of the monthly SSA deposit listed on LYNN's bank statements likely follows a similar format to that of W.M.V.'s benefits, but it would reflect the last four digits of LYNN's SSN, because he

- 4 -

is receiving benefits on his own record. LYNN's benefits are also deposited to his account on the 3rd of each month, just like W.M.V.'s benefits.

12) The Citizen's Bank statements reflect that the Social Security benefits paid in W.M.V.'s name were withdrawn from the account through approximately 237 separate transactions in the eight years following her death. The transactions were made via in-person bank withdrawals and Automated Teller Machine (ATM) cash withdrawals each month from December 2012 through May 4, 2020. The withdrawals were for varying amounts and were sometimes made over multiple days, the majority of them occurring on or within a few days of W.M.V.'s SSA benefits being deposited. A debit card linked to the Citizens Bank account was also used to make point-of-sale purchases at various local businesses.

13) The records obtained from Citizens Bank include handwritten withdrawal slips that show the date, the account number, the amount of the withdrawal, and the signature of Ronnie LYNN. There are also records of in-person withdrawals, in which LYNN used his debit card in lieu of a handwritten withdrawal slip. Several of those debit card withdrawal records also reflect LYNN's signature. The endorsing signatures on the handwritten and debit card withdrawal records appear to be consistent with LYNN's signature on

his Michigan driver's license, which I obtained in the course of the investigation. However, I am not trained in handwriting analysis.

14) In total, there is probable cause to believe that LYNN unlawfully obtained $103,991.82 in SSA benefits from May 2012 through May 2020. The SSA benefits were paid in the name of his mother, after his mother's death.

15) In October 2021, SSA/OIG/OI Acting Resident Agent in Charge (RAC) Katy Krieg and I attempted to contact LYNN. We visited his last known address and were met by an individual who identified themselves as LYNN's cousin and stated that LYNN was not present but confirmed that LYNN did reside there. I provided my business card to this person. I then called LYNN's phone number that was listed on his SSA benefits record. LYNN did not answer; instead, he sent a text stating that he could not talk but that he could text. I responded via text that I was with the SSA, that I needed to speak to him, and I asked him when a good time would be. Later the same day, I received an e-mail from LYNN asking why I stopped by his home and telling me to communicate with him through the U.S. Mail. I responded to LYNN via e-mail that, per policy, I needed to speak to him in person at which time he could confirm my identification and would be provided with more details. LYNN replied via e-mail, "Please submit the ssa

- 6 -

benefits concerns (registered or certified) to the address below," and he provided his home address. I did not make any further attempts to meet with LYNN.

## CONCLUSION

16) Accordingly, based upon my training, experience, and the facts set in this Affidavit, there is probable cause to believe that LYNN has knowingly and intentionally violated 18 U.S.C. § 641 (Theft of Government Funds) by converting to his use more than $1,000 in SSA benefit monies to which he was not entitled.

I, SANDRA REYNOLDS, Special Agent with the Social Security Administration, Office of the Inspector General, Office of Investigations, being duly sworn according to law, hereby affirm that the facts stated in the foregoing affidavit are true and accurate to the best of my knowledge, information, and belief.

Respectfully submitted,

SANDRA REYNOLDS
Special Agent, SSA/OIG/OI

Sworn to before me and signed in my presence and/or by reliable electronic means.

Honorable David R. Grand
United States Magistrate Judge

October 11, 2024

- 8 -